UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FRED CAPPEL ET AL** | **CASE NO. 2:21-CV-00221** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BEAZLEY AMERICA INSURANCE CO INC** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 15] filed by plaintiffs Fred and Sally Cappel in response to an affirmative defense raised by defendant Beazley USA Services Incorporated and Certain Underwriters at Lloyd's London. Defendants have not responded to the motion and their time for doing so has passed.

I.
BACKGROUND

This suit arises from damages to the plaintiffs' home in Hurricanes Laura and Delta. Plaintiffs allege that their insurer failed to properly adjust the claim and have filed suit in this court raising claims of breach of contract and bad faith under Louisiana Revised Statute 22:1892 and 1973. Doc. 1. As their seventeenth affirmative defense, defendants assert that plaintiffs' water damage is subject to a $25,000 cap under the policy's Water Damage Aggregate Limitation. Doc. 9, pp. 9–10. Plaintiffs now bring this motion for partial summary judgment, arguing that the defense should be stricken because that policy provision does not apply to storm-related water damage. Doc. 15. Defendants have filed no response and so the motion is regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that a contract is read for its plain meaning and operates as the law between the parties. *In re Liljeberg Enterprises, Inc.*, 304 F.3d 410, 439 (5th Cir. 2002). "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. Civ. Code art. 2050. Ambiguities within an exclusionary provision or the policy as a whole must be construed against the insurer and in favor of coverage. *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 517 (5th Cir. 2005) (citing La. Civ. Code art. 2056). Additionally, ambiguities in an insurance policy are "resolved by ascertaining how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.* (quoting *Breland v. Schilling*, 550 So.2d 609, 610–11 (La. 1989)).

Defendants have asserted that plaintiffs' storm-related water damage is subject to a $25,000 cap under the policy's Water Damage Aggregate Limitation. Doc. 9, pp. 9–10. That provision is subtitled **"Water or Steam (Including Following Freezing) Limitation"** and provides:

> Subject always to the Water Damage Exclusion and all other terms, exclusions, limitations and conditions of the Policy to which this Endorsement is attached, it is hereby understood and agreed that for the peril of **Accidental Discharge Or Overflow Of Water Or Steam**, including following freezing, and any other peril that may lead to physical damage

3

> caused by water, losses payable shall be subject to a maximum amount of $25,000 during the Policy Period.

Doc. 15, att. 1, p. 60 (emphasis in original). Meanwhile, the **Named Storm** endorsement provides in relevant part:

> Following loss or damage directly caused by Named Storm, we will pay only that part of all loss payable under Section I – Property Coverage that exceeds the Named Storm Percentage Deductible. This endorsement does not provide additional coverage.
> . . . .
> All other provisions of this policy apply.

*Id.* at 62.

The Water Damage Aggregate limitation broadly references "any other peril that may lead to physical damage caused by water" but the emphasis of that provision, as shown through both the subtitle and the bold-faced reference to accidental discharge is to burst pipes and the like—not to the wind-driven rain likely responsible for water damage in this event. As plaintiffs note, this reading conforms with industry standard usage:

> Water damage insurance in general covers the risk of damage from the accidental discharge, leakage, or overflow of plumbing systems. This "water damage" insurance is to be distinguished from insurance that covers loss from water, rain, or flood appearing as a natural phenomenon.

11 Couch on Ins. § 155:57. Additionally, the incorporation of a $25,000 limitation on such damages is unreasonable in light of the higher deductible placed on Named Storm damages ($18,000 in plaintiffs' case). As plaintiffs further note, defendants' interpretation would mean that the deductible covers 72% of their possible coverage for any water damage, which accounts for a great deal of the losses in these cases. Ambiguities from the "any other peril" reference in the Water Aggregate limitation must be construed in favor of

coverage. No reasonable policy purchaser would have construed such a clause as limiting their storm damages in such a manner. Accordingly, plaintiffs are entitled to summary judgment on this issue.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 15] will be **GRANTED** and the defendants' Seventeenth Affirmative Defense will be stricken.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of August, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**